IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ALLEN, JR.,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>BRYAN D. PHILLIPS,<br><br>　　　　　　Respondent. | No.  2:22-CV-0011-DAD-DMC-P<br><br><u>ORDER</u><br><br>and<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's unopposed motion to dismiss.  <u>See</u> ECF No. 34.  Respondent has lodged relevant portions of the state court record in support of his motion.  <u>See</u> ECF No. 35.

**I.  BACKGROUND**

Petitioner was convicted in the Sacramento County Superior Court of being a felon in possession of a firearm and two counts of second-degree robbery.  <u>See</u> ECF No. 35-2.  On May 19, 2021, Petitioner was sentenced to a determinate state prison term of eleven years and four months.  <u>See</u> <u>id.</u>  On June 28, 2022, Petitioner's conviction and sentence were affirmed on direct appeal by the California Court of Appeal.  <u>See</u> ECF No. 35-3.  Petitioner did not seek direct review by the California Supreme Court.

On January 2, 2022 – before his direct appeal had been decided – Petitioner filed a state post-conviction action in the California Supreme Court. See ECF No. 35-4. In this action, Petitioner asserted that "[t]he trial judge's denial of my *Marsden* motion without giving me an opportunity to expose the incompetence of my counsel was a direct violation of my rights to a fair trial as well as my due process rights." Id. at 3. Petitioner added:

> My public defender wouldn't do anything or say or ask any questions I ask him to. So I ask the judge could I file a *Marsden* motion and I was denied. And the results of that decision is what got me convicted. I was also denied a fair chance to pick a unbiased jury.

Id. (errors in original).

The California Supreme Court denied relief on June 1, 2022, with a citation to In re Dixon, 41 Cal.2d 756 (1953), stating that the courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal. See ECF No. 35-5.

Petitioner filed his federal habeas petition on January 3, 2022 – just one day after filing his post-conviction action in the California Supreme Court. See ECF No. 1. This action currently proceeds on the third amended petition, filed on January 6, 2023. See ECF No. 23. Petitioner asserts the following grounds for relief:

Ground One   There was a *Marsden* motion filed and denied without a fair trial. (Conflict of interest).

The P.D. made sure people didn't have to identify me by making certain "stips" that I never knew the meaning of and when I ask for a different attorney I was denied.

Ground Two   I ask for the fingerprints of the so-called weapon be brought to trial.

The evidence brought against me was in fact erroneous. There was clearly two different weapons and under the SB 81 Act one was not used and one was not present in trial.

Ground Three   The victim in this case blatantly lied and the jury was the same ethnic background.

Basically, the victim lied and he never identified me. He also said he wasn't scared, and the jury never took none of this into consideration. In order for it to be a robbery it has to be force or fear.

///


<p>

</p>

|  | Ground Four | The same judge is the one hearing my appeal as well as one of my writs. |
|--|--|--|
|  |  | I feel I'm not getting a fair chance at justice because the same judge is hearing every aspect of my case from the trial, to my appeal, and even my writ filed in the Supreme Court. That's not fair. |

See id. at 4-5 (errors in original).

When prompted on the form petition to identify any claims which were not previously presented in any other court, Petitioner states: "Insufficient Counsel." Id. at 5.

## II.  DISCUSSION

Respondent argues that this action must be dismissed because all the claims asserted are unexhausted. See ECF No. 34.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

///

///

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

3

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Respondent argues this action must be dismissed because it does not raise any claims which were presented to the California Supreme Court. According to Respondent:

> Petitioner filed only a petition for writ of habeas corpus in the California Supreme Court. That petition alleges only that the trial court improperly denied his *Marsden* motion. Specifically, Petitioner claims the *Marsden* motion should have been granted because defense counsel "wouldn't do anything or say or ask any questions I ask him to." (Lod. Doc. 3.) Although ground one of the federal petition also alleges that the trial court improperly denied Petitioner's *Marsden* motion, it does so with different or more specific facts (that defense counsel improperly stipulated to Petitioner's identity) than was asserted in the California Supreme Court. And, even though Petitioner mentions in his state supreme court petition (when arguing his *Marsden* claim) that he "was also denied a fair chance to pick an unbias[ed] jury," ground three of the federal petition does not

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

concern the jury selection process, but rather the jury's ability to be unbiased when considering the trial evidence given they shared the same race as the victim. Thus, none of Petitioner's claims were fairly presented to the California Supreme Court.

ECF No. 34, pg. 3.

Respondent's argument is persuasive. The California Supreme Court was only presented with the claims raised in Petitioner's January 2, 2022, state court post-conviction action. In this action, Petitioner argued that the trial court improperly denied his *Marsden* motion which was based on his trial counsel's failure to do anything or ask any questions. Petitioner also stated that he was denied a fair chance to select a jury that was unbiased.

Petitioner's first claim to the California Supreme Court related to the *Marsden* motion. While Plaintiff raises a claim in the current federal petition also relating to the *Marsden* motion, the Court agrees with Respondent that the claims are based on different underlying facts. Specifically, in the California Supreme Court, Petitioner claims that the motion was improperly denied and that it should have been granted in light of his trial counsel's failure to act. By contrast, Petitioner's *Marsden* claim in the current federal petition asserts that the motion should have been granted because trial counsel entered into inappropriate stipulations as to Petitioner's identity. As Respondent correctly notes, the state courts must have been presented with the specific federal constitutional guarantee at issue and a statement of the operative facts that support the federal legal theory. See Gentry v. Sinclair, 705 F.3d 884, 897, 901 (9th Cir. 2013). Here, Petitioner arguably meets the first requirement by identifying the same issue in both the current petition and California Supreme Court action – improper denial of his *Marsden* motion. The claims, however, were not presented based on the same operative facts supporting relief resulting in improper denial of a *Marsden* motion. In the state court, the underlying facts concerned trial counsel's failure to act. In the federal petition, the underlying facts concern trial counsel's inappropriate stipulations. Either counsel failed to act at all, or counsel did act but did so inappropriately. Both cannot be true. Thus, the Court finds that the *Marsden* claim is unexhausted.

///

1  The Court also finds that any claim related to the composition of the jury is unexhausted.  In state Court, Petitioner arguably presented a claim to the California Supreme Court that he was denied a fair chance to select an unbiased jury.  This claim relates to jury selection and makes no reference to the ultimate racial make-up of the jury.  In the instant federal petition, Petitioner argues that the jury which was ultimately seated was unfair due to its racial composition.  Unlike the claim arguably presented to the California Supreme Court, this claim relates to the ultimate racial make-up of the jury and not to the process used to select the jury.  As such, any jury claim in this case is not based on the same facts and is unexhausted.

Petitioner's remaining federal claims are unexhausted because they were not presented to the California Supreme Court in any form.

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is hereby RECOMMENDED that Respondent's motion to dismiss, ECF No. 34, be GRANTED and that this petition be dismissed as raising only unexhausted claims.

2. It is hereby ORDERED that Petitioner's motions, ECF Nos. 46 and 48, be DENIED without prejudice to renewal should these findings and recommendations not be adopted by the District Judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 31, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE