UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE ALLEN, JR., | No. 2:22-cv-00011-DAD-DMC (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS PETITIONER'S THIRD AMENDED PETITION |
| BRYAN D. PHILLIPS, | |
| Respondent. | |
| | (Doc. Nos. 34, 49) |

Petitioner Anthony Lee Allen, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 19, 2021, petitioner was sentenced to a determine state prison term of eleven years and four months. (Doc. No. 35-2.) He had been convicted in the Sacramento County Superior Court of being a felon in possession of a firearm and two counts of second-degree robbery following an incident at a liquor store in which he took food and drink without paying. (Doc. No. 35-3.) On appeal, his counsel submitted a so-called *Wende*[1] brief, asking the state

---
[1] *See People v. Wende*, 25 Cal. 3d 436 (1979).

1

appellate court to review the record and determine whether there were any arguable issues on appeal, and that court found no arguable error. (*Id.*)

On January 2, 2022, petitioner filed a state post-conviction action in the California Supreme Court. (Doc. No. 35-4.) He filed his pending federal habeas petition the next day. (Doc. No. 1.) The California Supreme Court denied relief on June 1, 2022, stating only that it would not entertain habeas claims that could have been, but were not, raised on appeal. (Doc. No. 35-5.) This action now proceeds on petitioner's third amended federal petition, filed January 6, 2023. (Doc. No. 23.) Respondent filed a motion to dismiss the petition as raising only unexhausted claims on March 13, 2023. (Doc. No. 34.)

On February 1, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 34) be granted due to petitioner's failure to exhaust his claims before the highest state court before presentation to this federal court. (Doc. No. 49 at 3–6.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 6.)

On February 16, 2024, petitioner filed a motion for an extension of time to file objections given delays with the mail system within the prison. (Doc. No. 50.) The magistrate judge construed this filing as a motion for an extension of time to file an opposition to respondent's motion to dismiss, and subsequently denied the motion as untimely. (Doc. No. 51 at 1.)

In his operative third amended federal petition, filed January 1, 2023, petitioner raises a number of grounds for federal habeas relief. (Doc. No. 23.) While petitioner separates his claims into four stated grounds for relief, the undersigned construes his petition as actually raising six possible different grounds: (1) that his *Marsden* motion seeking that his public defender be relieved was denied without a fair hearing; (2) that the fingerprints taken from the weapon allegedly used in the crime were not presented at trial despite his request that they be produced; (3) that the victim lied in testimony presented at his trial; (4) that his jury was made up of individuals all of the same ethnic background as the alleged victim; (5) that the evidence at trial failed to establish that the victim was in fear, a required element for a robbery; and (6) that the

same judge heard his appeal as well as one of his writs. (*Id*. at 4–5.) In his habeas petition filed with the California Supreme Court petitioner stated only two grounds for relief: (1) his *Marsden* motion was improperly denied; and (2) he was denied the opportunity to select an unbiased jury. (Doc. No. 35-4 at 3.)

The undersigned agrees with the magistrate judge's analysis that many of petitioner's claims presented in his operative pending petition for federal habeas relief are clearly unexhausted because they were not presented to the California Supreme Court either in his petition for review or in his state habeas petition filed with that court. (Doc. No. 49 at 6.) Accordingly, the court will adopt the findings and recommendations as they pertain to petitioner's clearly unexhausted federal claims challenging the absence of fingerprint evidence at his trial, the truthfulness of the victim's trial testimony, the insufficiency of the evidence of the victim being in fear, and the same judge purportedly hearing petitioner's appeal and his writ.

Petitioner's remaining two federal claims present a closer question as to exhaustion. In his motion to dismiss, respondent argues that petitioner's federal claim challenging the denial of his *Marsden* motion by the state trial court is unexhausted because it is asserted here "with different or more specific facts . . . than was asserted in the California Supreme Court." (Doc. No. 34 at 3.) Specifically, in petitioner's state habeas petition, he stated that "My public defender wouldn't do anything or say or ask any questions I ask him to. So I ask the judge could I file a *Marsden* motion and I was denied." (Doc. No. 35-4 at 3.) In his federal petition, petitioner alleges that "There was a *Marsden* motion filed and denied without a fair trial. (Conflict of interest). The P.D. made sure people didn't have to identify me by making certain 'stips' that I never knew the meaning of and when I ask for a different attorney I was denied." (Doc. No. 23 at 4.) Respondent also argues that petitioner's claim for federal habeas relief based upon the makeup of the jury at his trial is unexhausted. (Doc. No. 34 at 3.) In his state habeas petition, petitioner wrote that he was "denied a fair chance to pick an unbiased jury." (Doc. No. 35-4 at 3.) In his federal petition, he writes that "the jury was the same ethnic background" as the victim. (Doc. No. 23 at 5.) Respondent argues that this claim is unexhausted because the ground in the

/////

state petition concerned jury selection, while the ground in the federal petition instead concerns the jury's ability to be unbiased given its racial makeup. (Doc. No. 34 at 3.)

The assigned magistrate judge found respondent's arguments that both these federal claims were unexhausted to be compelling. (Doc. No. 49 at 5–6.) However, to satisfy the exhaustion requirement, petitioner "needed only to give the California Supreme Court a 'full and fair opportunity to resolve' these claims." *Nelson v. Robertson*, 19-cv-08057-EMC, 2022 WL 4625173, at *2 (N.D. Cal., 2022) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "[T]he complete exhaustion rule is not to trap the unwary *pro se* prisoner." *Slack v. McDaniel,* 529 U.S. 473, 487 (2000) (internal quotation marks omitted). The Ninth Circuit has repeatedly instructed district courts to give liberal construction to state-court habeas petitions filed by *pro se* petitioners when evaluating exhaustion. *See Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (suggesting *pro se* petitions should be read more liberally than counseled petitions when evaluating whether a claim was exhausted); *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) ("*Peterson* makes clear that, for the purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions."); *Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (same) (citing *Peterson*, 319 F.3d at 1159, and *Sanders*, 342 F.3d at 999). Moreover, the state and federal petitions do not have to be identical in order to find exhaustion. This is because a petitioner may provide further facts in support of a claim for federal habeas relief so long as those additional facts do not fundamentally alter the legal claim presented to the state courts. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Contreras v. Broomfield*, No. 1:19-cv-01523-JLT, 2024 WL 86604, at *4 (E.D. Cal. Jan. 8, 2024) ("Generally, a petitioner may add factual materials supportive of the factual basis already in the record without fundamentally altering his claim and rendering it unexhausted."). However, "if new facts substantially improve the claim, for example by contradicting evidence the state court already considered, then the new factual materials must be presented to the state court." *Contreras*, 2024 WL 86604, at *4.

As to the claim for relief based upon the denial of petitioner's *Marsden* motion, the pending findings and recommendations found that the claims presented in the state and federal petitions are not based on the same set of facts because in the state habeas petition, the factual

basis for the claim was that trial counsel failed to act and "wouldn't do anything," whereas the factual basis for the federal claim was based on counsel allegedly inappropriately entering into stipulations with the prosecution at trial. (Doc. No 35-4 at 3; 49 at 5.) The magistrate judge thereby concluded that because the supporting facts in one petition concerned a failure to act, and in the other petition concerned alleged inappropriate actions being taken, both could not be true and the state and federal claims therefore had different factual bases. (Doc. No. 49 at 5.) However, giving liberal construction to the state petition, petitioner's federal claim may indeed be simply adding factual material supporting the existing factual basis for petitioner's claim that his *Marsden* motion was improperly denied. In this regard, one way in which the petitioner's public defender may have not "done anything or say or ask any questions I ask him to" is by entering into a stipulation as to petitioner's identity and therefore not asking questions of witnesses about identification. (Doc. No. 35-4 at 3.) Thus, the supporting facts provided in petitioner's federal petition do not necessarily contradict facts that the state court already considered, as the facts appear to be petitioner's attempt to explain the way in which his lawyer was not doing what petitioner wanted. Accordingly, the undersigned concludes that the underlying factual basis for petitioner's claim that his *Marsden* motion was improperly denied is essentially the same in both his state and federal petitions and therefore the claim is exhausted. *See Nelson*, 2022 WL 4625173, at *4 (liberally construing *pro se* petitions to find that despite the different information provided in the two petitions, both petitions contained the underlying argument that trial counsel failed to move to suppress evidence, and therefore this ground was exhausted).

As to petitioner's claim regarding the makeup of the jury at his trial, the findings and recommendations again concur with respondent's argument that petitioner's jury claim in his federal petition is not based on the same facts as those presented in his state petition. (Doc. No. 49 at 6.) In his state petition, petitioner stated that "he was denied a fair chance to pick an unbiased jury." (Doc. No 35-4 at 3.) Then in his federal petition, petitioner informs the court that the jury at his trial was the same ethnic background as the alleged victim. (Doc. No. 23 at 5.) Construed liberally, the court views petitioner's federal petition as again merely adding material to support the factual basis already put forth by his state petition in which petitioner suggested

1    that he did not receive an unbiased jury at trial. By asserting that the jury was the same ethnic

2    background as the alleged victim, petitioner appears to be clarifying in what way he did not

3    receive a trial before an unbiased jury. Despite its difference from what was previously stated in

4    state habeas petition, the new factual information does not contradict the alleged facts that the

5    California Supreme Court had before it when it denied habeas relief, and both petitions contain

6    the same underlying argument that petitioner's jury was not unbiased. Thus, the undersigned

7    again disagrees with respondent's argument that this claim is unexhausted due to the slight

8    differences in how it has been presented by petitioner. *See Sanders*, 342 F.3d at 1001 (finding

9    exhaustion after construing *pro se* briefing liberally and concluding that the petitioner did not

10    raise "separate claims, but rather different aspects of a single claim").

11        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

12    *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the

13    pending findings and recommendations are in part supported by the record and proper analysis.

14        Accordingly,

15        1.    The findings and recommendations issued on February 1, 2024 (Doc. No. 49) are

16            adopted in part, as follows:

17            a.    Respondent's motion to dismiss petitioner's third amended petition (Doc. No. 34)

18                is granted in part and denied in part as follows:

19                i.    Respondent's motion to dismiss as to all grounds except petitioner's claims

20                    that his *Marsden* motion was improperly denied and that he was denied a

21                    trial before an unbiased jury claim is granted;

22    /////

23    /////

24    /////

25    /////

26    /////

27    /////

28    /////

        ii. Respondent's motion to dismiss as to petitioner's *Marsden* claim and jury claim is denied[2];

2. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 31, 2024**

                                  DALE A. DROZD
                                  UNITED STATES DISTRICT JUDGE

---

[2] The court pauses to emphasize the limited nature of this order. The court is concluding only that two of petitioner's claims for federal habeas relief presented in his operative third amended petition are exhausted; a conclusion reached in large part based upon the liberal construction to be given state-court habeas petitions filed by *pro se* petitioners when evaluating the question of exhaustion. The court expresses no view as to the merits of the two exhausted claims or even whether they are otherwise sufficient. Indeed, the court notes that petitioner has alleged very few facts in support of these claims for federal habeas relief. Finally, the court also observes that although petitioner's motion for an extension of time to file an opposition to respondent's motion to dismiss was denied as untimely on February 22, 2024 (Doc. No. 51), petitioner did not thereafter file any objections to the pending findings and recommendations. If petitioner no longer wishes to pursue federal habeas relief as to his only two exhausted claims, he is directed to file a notice with the court indicating that he wishes to withdraw the pending petition as to those remaining claims.