UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANOTHONY LEE ALLEN, JR.,<br><br>Petitioner,<br><br>v.<br><br>BRYAN D. PHILLIPS[1],<br><br>Respondent. | No. 2:22-cv-00011-DAD-DMC (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 54) |

Petitioner Anthony Lee Allen, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 31, 2024, the undersigned adopted in part and declined to adopt in part the findings and recommendations issued by the assigned magistrate judge (Doc. No. 49) and thereby granted in part and denied in part respondent's motion to dismiss petitioner's third amended petition. (Doc. No. 52.) More specifically, the court found that of the six different grounds petitioner raised in his federal petition, four of them were unexhausted because they were not

---

[1] According to respondent's motion for reconsideration, Daniel Cueva is now the acting warden at the California Medical Facility with custody of petitioner. (Doc. No. 54 at 1.) The Clerk of the Court is directed to substitute Daniel Cueva for Bryan D. Phillips on the docket in this case.

1

presented to the California Supreme Court in any form.  (Doc. No. 52 at 1–2.)  The court found that petitioner's remaining two federal claims presented a "much closer question as to exhaustion."  (*Id*. at 2.)  Ultimately, giving liberal construction to petitioner's *pro se* state-court habeas petition, the court found that petitioner's claims based upon the denial of his *Marsden* motion and his challenge to the makeup of the jury at his trial on the ground that they were all of the same ethnic background as the alleged victim were exhausted.  (*Id*. at 6–7.)  On April 8, 2024, respondent filed the pending motion for reconsideration of the court's order.  (Doc. No. 54).

The Ninth Circuit has "long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'"  *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion for reconsideration does not, however, give the moving party a "second bite at the apple."  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted).  Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .").  "A party seeking reconsideration must show more than a disagreement with the Court's decision."  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); *accord Huhmann v. FedEx Corp.*, No. 13-cv-00787-BAS-NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).  Local Rule 230(j) requires, in relevant

part, that in moving for reconsideration of an order denying or granting a prior motion in whole or in part, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.  L.R. 230(j).

In respondent's pending motion for reconsideration, he again argues that petitioner's two remaining claims are unexhausted because petitioner presents factual bases for those claims in his federal petition that were not presented in his petition submitted to the California Supreme Court. (Doc. No. 54 at 1–3.)  This court already addressed this argument in its prior order and explained its conclusion that the slight differences in how petitioner presented these two claims across his state and federal petitions do not render those two claims unexhausted, largely due to the liberal construction to be given state-court habeas petitions filed by *pro se* petitioners when evaluating exhaustion. (Doc. No. 52 at 4–7.)  The court has considered the argument advanced by respondent in his motion for reconsideration as well as his newly cited authority, which the undersigned finds clearly distinguishable from the present case, and is not persuaded that its March 31, 2024 order was either erroneous or manifestly unjust.  (*See* Doc. No. 54 at 2) (citing *Woods v. Sinclair*, 764 F.3d 1109, 1139 (9th Cir. 2014) (finding that the petitioner's federal claim was not fairly presented to the state court where the "most analogous claim" was the petitioner's allegation that his counsel failed to impeach an entirely different witness)).

Respondent also advances a new argument that, regardless of the slight differences in the state and federal petitions, petitioner has failed entirely "to confront the state court with *any* claim for relief" and also suggests that this court is "needlessly prolong[ing]" this case and should "just reject[] these two claims as meritless on their face irrespective of fair presentation in state court." (Doc. No. 54 at 2, 4.)  The court did note in its prior order that it expressed "no view as to the merits of the two exhausted claims or even whether they are otherwise sufficient" and observed that petitioner "alleged very few facts in support of these claims." (*Id*. at 7.)  However, respondent's motion to dismiss, which contained only a single paragraph of argument regarding the two claims in question, focused solely on the differences between petitioner's state and

federal petitions in arguing for lack of exhaustion. (Doc. No. 34 at 3.) Respondent has made no showing that there are "new or different facts or circumstances" that would explain why his new arguments, raised for the first time in the motion for reconsideration, could not have been raised in his motion to dismiss. To consider respondent's new arguments now would simply be giving him a "second bite at the apple" and would be inappropriate. *See Weeks*, 246 F.3d at 1236.

In light of the limited bases upon which reconsideration is appropriate, the court concludes that respondent has not sufficiently supported his pending request. The court will decline to reconsider its order adopting in part and declining to adopt in part the findings and recommendations issued by the assigned magistrate judge.

Accordingly,

1. Petitioner's motion for reconsideration (Doc. No. 54) is denied; and
2. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **October 28, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4