IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ALLEN, JR.,<br><br>Petitioner,<br><br>v.<br><br>BRYAN D. PHILLIPS,<br><br>Respondent. | No. 2:22-CV-0011-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are Petitioner's third amended petition for writ of habeas corpus, ECF No. 23, and Respondent's answer, ECF No. 59. Petitioner did not file a traverse.

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). Under AEDPA, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided

/ / /

/ / /

/ / /

1

on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams, 529 U.S. at 412). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. 2008) (en banc). For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court. See id.; see also Carey, 549 U.S. at 76-77 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct). Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings. See Carey, 549 U.S. at 74.

In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See id. at

2

406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See Benn v. Lambert, 283 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See id. If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See id.

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See Wiggins v. Smith, 539 U.S. 510, 520 (2003). While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See Williams, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See id. at 410; see also Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). An "unreasonable application of" controlling law cannot necessarily be found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 538 U.S. at 75-76. This is because "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. at 75. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 223 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the

3

state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 223 F.3d at 982.

## I. BACKGROUND

### A. Facts[1]

Addressing Petitioner's direct appeal, the California Court of Appeal recited the following facts, and Petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:

> At defendant Anthony Lee Allen's jury trial, witnesses testified to defendant entering a liquor store on October 5, 2020, taking food and drink, and walking out without paying. When he was confronted by two store employees, one wielding a bat, defendant took out a gun and pointed it at the employees, who backed off; defendant then biked away. Video of the incident from the store's surveillance cameras was shown to the jury.

ECF No. 58-7, pg. 1.

### B. Procedural History

Petitioner was convicted in the Sacramento County Superior Court of felony possession of a firearm and two counts of second-degree robbery and sentenced to a total prison term of 11 years and four months. See id. Petitioner was appointed counsel for direct appeal who filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), requesting that the Court of Appeal independently review the entire record on appeal for arguable issues. See ECF No. 58-6. Petitioner's conviction and sentence were affirmed on direct appeal by the California Court of Appeal in a decision issued on June 28, 2022. See ECF No. 58-7.

While Petitioner's direct appeal was still pending, Petitioner filed a post-conviction action in the Sacramento County Superior Court on January 3, 2022, arguing that the trial court erred in denying his motion to relieve defense counsel under People v. Marsden, 2 Cal. 3d 118 (1970). See ECF No. 58-8, pg. 6. The Sacramento County Superior Court denied the

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct." These facts are, therefore, drawn from the state court's opinion(s), lodged in this court. Petitioner may also be referred to as "defendant."

4

1 petition in a reasoned decision issued on March 3, 2022.  See id. at 2-4.  While both the direct

2 appeal and post-conviction action were pending, Petitioner filed a habeas petition in the

3 California Supreme Court on January 5, 2022, also arguing that the trial court had improperly

4 denied his Marsden motion.  See ECF No. 58-9.  The California Supreme Court denied the

5 petition on June 1, 2022, citing In re Dixon, 41 Cal. 2d 756, 759 (1953), which is a California

6 procedural rule barring consideration of habeas corpus claims which could have, but were not,

7 raised on direct appeal.

8         Petitioner filed his federal habeas petition on January 3, 2022.  See ECF No. 1.

9 This action currently proceeds on the third amended petition, filed on January 6, 2023.  See ECF

10 No. 23.  On March 31, 2024, the District Judge issued an order addressing Respondent's motion

11 to dismiss for lack of exhaustion and limiting the remaining claims in this case.  See ECF No. 52.

12 Pursuant to that order, this case proceeds on the third amended petition as to the following two

13 claims: (1) the trial court improperly denied Petitioner's Marsden motion; and (2) Petitioner was

14 denied an unbiased jury.  See id. at 6.  In ruling that these two claims were adequately exhausted

15 in state court, the District Judge stated as follows:

> The court pauses to emphasize the limited nature of this order. The court is concluding only that two of petitioner's claims for federal habeas relief presented in his operative third amended petition are exhausted; a conclusion reached in large part based upon the liberal construction to be given state-court habeas petitions filed by *pro se* petitioners when evaluating the question of exhaustion. The court expresses no view as to the merits of the two exhausted claims or even whether they are otherwise sufficient. Indeed, the court notes that petitioner has alleged very few facts in support of these claims for federal habeas relief. . . .

Id. at 7, n.2.

23         Respondent's motion for reconsideration of the District Judge's order was denied

24 on October 28, 2024, see ECF No. 56, and Respondent filed an answer to the third amended

25 petition on December 4, 2024, see ECF No. 59.  Petitioner has not filed a traverse.

26 / / /

27 / / /

28 / / /

## II. DISCUSSION

Pursuant to the District Judge's March 31, 2024, order, this case proceeds on the following claims: (1) the trial court improperly denied Petitioner's Marsden motion to relieve defense counsel; and (2) Petitioner was denied an unbiased jury. For the reasons discussed below, the Court finds that federal habeas relief is not available on either claim.

### A.   **Denial of *Marsden* Motion**

Petitioner claims that he is entitled to a writ of habeas corpus because his motion under People v. Marsden, 2 Cal. 3d 118 (1970), seeking to relieve his public defender was denied without a fair hearing. See ECF No. 23. This claim was addressed by the Sacramento County Superior Court, which denied the claim. See ECF No. 58-8. The Superior Court stated as follows:

> Allen has not provided adequate factual allegations or documentation to allow for a meaningful review of the trial court's denial of his *Marsden* motion. The petition is bereft of factual allegations regarding the basis for the motion and the court's ruling. In the absence of these facts, the Court cannot find the trial court abused its discretion by denying the motion.

ECF No. 58-8, pg. 4.

The California Supreme Court was also presented with this claim in a habeas petition filed prior to the Sacramento County Superior Court's ruling. See ECF No. 58-9. The California Supreme Court denied the claim, citing to In Re Dixon, which bars review of claims which could have been raised on direct appeal.

The denial without a hearing of a motion to substitute appointed counsel under Marsden based on allegations of an irreconcilable conflict implicates the Sixth Amendment right to counsel. See Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000) (en banc). ". . .[T]he state trial court's summary denial of a defendant's motion for new counsel without further inquiry violate[s] the Sixth Amendment." It is well established and clear that the Sixth Amendment requires on the record an appropriate inquiry into the grounds for such a motion, and that the matter be resolved on the merits before the case goes forward. See id. (citing Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991)).

In his third amended petition, Petitioner states as follows:

> There was a Marsden motion filed and denied without a fair trail [sic] (conflict of interest).
> The P.D. made sure people didn't have to identify me by making certain "stips" that I never knew the meaning of and when I ask for a different attorney I was denide [sic].

ECF No. 23, pg. 4.

Petitioner offers nothing more to support this claim.

In this case, the trial court heard and denied Petitioner's Marsden motion on April 20, 2021, after the jury was sworn but prior to commencement of presentation of evidence. See ECF No. 58-1, pgs. 21, 127. The motion was heard outside of the presence of the prosecuting attorney and the jury. See id. at 127. The transcript of the hearing was sealed and has not been included with the state court record lodged with this Court. See id.

The Court finds that federal habeas relief is not appropriate. Petitioner has failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(c) requires Petitioner to specify all grounds for relief and state the facts supporting each ground. Here, as with Petitioner's state court filings, Petitioner has not stated any facts supporting federal habeas relief based on denial of his Marsden motion. Specifically, Petitioner has not described what arguments he made to the trial court or what rulings the trial court made in response to those arguments. Petitioner simply states that his Marsden motion was denied without a "fair trial." Petitioner offers no additional facts to indicate why the April 20, 2021, hearing on Petitioner's Marsden motion was not "fair."

It is clear from the state court record which is available that the trial court in fact held a heading on Petitioner's Marsden motion. That hearing was held prior to the commencement of presentation of evidence. Petitioner has not presented any factual allegations to suggest that the trial court's consideration failed to include an appropriate inquiry into the bases for Petitioner's Marsden motion. Thus, Petitioner cannot show that the Marden motion was summarily denied without a hearing, and Petitioner has not shown that the April 20, 2021, hearing failed to include a proper inquiry.

///

7

Petitioner's failure to allege the factual bases of his Marsden claim also precludes this Court from conducting an evidentiary hearing. See Gonsalez v. Pliler, 341 F.3d 897, 903 (9th Cir. 2003); see also 28 U.S.C. § 2254(e)(2). Exceptions exist where the claim relies on a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court, see 28 U.S.C. § 2254(e)(2)(A)(i), or where the factual predicate of the claim could not have been previously discovered through due diligence, see 28 U.S.C. § 2254(e)(2)(A)(ii). Neither exception applies in this case. First, Petitioner's claim is not based on a new rule of constitutional law. Second, the claim is not based on facts which could not have been previously discovered because the factual predicate of Petitioner's Marsden claim was known to Petitioner as of the date of the April 20, 2021, hearing when the Marsden motion was denied.

### B. Jury Composition

Petitioner claims that he did not receive an unbiased jury trial because the jurors all had the same ethnic background as one of the alleged victims. See ECF No. 23, pg. 5. While the California Court of Appeal affirmed on direct appeal, thus providing a decision on the merits, it did not provide any reasoning as to Petitioner's jury composition claim. The California Court of Appeal appointed counsel for Petitioner who then filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979). See ECF No. 58-7, pg. 2. Based on the Wende brief, and Petitioner's failure to supplement that brief, the Court of Appeal affirmed the conviction and sentence without offering a reasoned opinion on either of the claims remaining in this case. See ECF No. 58-7, pg. 2.

In conducting review of a state court decision, the federal courts "look to the last reasoned state-court decision." Van Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir. 2003). Where, as here, the state courts have provided an adjudication on the merits of a habeas claim, but without any underlying reasoning, the federal courts will conduct an independent review of the record to determine whether the state court's final resolution of the case constituted an unreasonable application of clearly established federal law. See Greene v. Lambert, 288 F.3d 1081, 1088-89 (9th Cir. 2002) (setting out prerequisites for application of AEDPA deference standard). The Court will do so here.

In Batson v. Kentucky, 476 U.S. 79 (1986), the United States Supreme Court held that the Equal Protection Clause prohibits a prosecutor from exercising peremptory challenges to strike a venireperson on the basis of race. In order to prevail on the so-called Batson claim, petitioner must first establish a prima facie case of purposeful discrimination. See United States v. DeGross, 960 F.2d 1433, 1442. If a prima facie case is made out the burden passes to the party asserting the peremptory challenge to establish a neutral explanation for the action. See id. A prima facie case is established by showing that a peremptory challenge was exercised against a member of a constitutionally cognizable group and by demonstrating that the fact of the challenge and any other relevant circumstances demonstrate that an inference has been raised that the peremptory challenge was exercised because of membership in the cognizable group. See id. Under Batson, the totality of the circumstances of the particular case must be examined to determine whether a prima facie case of prosecutorial discrimination has been established.

In making this decision, the trial court "should consider all relevant circumstances." These could include a "pattern" of strikes against members of a constitutionally cognizable group and the "prosecutor's questions and statements during voir dire examination." Batson, 476 U.S. at 103. Although a criminal defendant may establish a prima facie case of purposeful discrimination on the discriminatory strike of just one venire member, numbers alone do not create a prima facie case of purposeful discrimination. In United States v. Chinchilla, 874 F.2d 695, 698 (9th Cir. 1989), the court determined that the challenge of all Hispanic jurors did not, in and of itself, create a prima facie case of purposeful discrimination. Chinchilla rejected the view that there is a "magic number of challenged jurors which shifts the burden to the government to provide a neutral explanation for its actions. Rather, the combination of circumstances taken as a whole must be considered." Id. at 698; see also Batson, 476 U.S. at 101 (White, J., concurring) (noting that it is not per se unconstitutional, without more, to strike one or more blacks from a jury). Accordingly, the record must contain something more, so that the numbers take on significance in the context of other facts, such as the racial composition of the entire venire, the race of others struck by the prosecution, or the answers of prospective jurors given in voir dire. See United States v. Esparsen, 930 F.2d 1461, 1467 (10th Cir. 1991).

9

Here, Petitioner alleges that the jury was biased because the jury was of the same ethnic background as one of the victims. Petitioner states: "[T]he jury was the same ethnic background [as the victim]." ECF No. 23, pg. 5. Petitioner has offered no facts to support this claim, again in violation of Rule 2(c). Without more, an allegation alone cannot establish a prima facie case of purposeful discrimination. And, as with Petitioner's Marsden claim, Petitioner's failure to develop the facts supporting his claim precludes this Court from conducting an evidentiary hearing. Therefore, after an independent review of this claim, this Court cannot find that the state court's resolution of the case constituted an unreasonable application of clearly established federal law.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Petitioner's third amended petition for a writ of habeas corpus, ECF No. 23, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 17, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE