IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ALLEN, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>BRYAN D. PHILLIPS,<br><br>    Respondent. | No. 2:22-cv-00011-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION SEEKING FEDERAL HABEAS RELIEF<br><br>(Doc. Nos. 23, 61) |

Petitioner Anthony L. Allen, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action now proceeds on petitioner's third amended petition for a writ of habeas corpus. (Doc. No. 23.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 18, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's third amended federal habeas petition be denied. (Doc. No. 61.) The magistrate judge examined the sole two claims for relief that the court previously determined to be exhausted and upon which petitioner is proceeding in this action. (*Id*. at 6–10.) As to petitioner's claim that his *Marsden* motion was denied by the state trial court without a fair hearing, the magistrate judge noted that, as was the case in state court, petitioner has not alleged any facts in support of his claim for habeas relief. (*Id*. at 7.) Likewise, the magistrate observed

1

1  that petitioner had merely alleged in conclusory fashion that he did not receive a fair trial from an
2  unbiased jury because the jurors selected at his trial were all of the same ethnic background as the
3  alleged victims. (*Id*. at 8.) However, petitioner had failed to allege any facts supporting a *Batson*
4  challenge or any other basis for federal habeas relief. (*Id*. at 9–10.)

5  The pending findings and recommendations were served upon the parties and contained
6  notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at
7  10.) On August 25, 2025, petitioner filed his objections to the pending findings and
8  recommendations. (Doc. No. 63.) In those objections petitioner simply states "I did not receive a
9  fair trial." (*Id.* at 2.) In addition, petitioner generally expresses his concerns about the fairness of
10 his underlying criminal proceedings, including an assertion that he received ineffective assistance,
11 and noting that he is proceeding *pro se* and is making his best efforts in prosecuting this petition.
12 (*Id.*) Nonetheless, petitioner advances no argument that would call into question the magistrate
13 judge's analysis of the only two claims for relief upon which he proceeds in this habeas action.
14 Indeed, as to his *Marsden* related claim, petitioner now affirmatively states that "I never said
15 there was no hearing" and otherwise concedes that he presented all the evidence he had in support
16 of his claim. (*Id.*)

17 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
18 *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's
19 objections, the court finds the findings and recommendations to be supported by the record and
20 by proper analysis.

21 Having concluded that the pending petition must be denied, the court also declines to issue
22 a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to
23 appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*
24 *Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may
25 only issue a certificate of appealability when a petitioner makes a substantial showing of the
26 denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a court denies a habeas petition on the
27 merits, the court may only issue a certificate of appealability if "jurists of reason could disagree
28 with the district court's resolution of [the petitioner's] constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on [his] . . . part." *Miller-El*, 537 U.S. at 338.  In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on July 18, 2025 (Doc. No. 61) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DENIED;
3. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C § 2253; and
4. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:    **September 23, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3